IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-460-FL

| | |
|---|---|
| CAROLINA POWER & LIGHT COMPANY d/b/a PROGRESS ENERGY CAROLINAS, INC., ) ) ) ) Plaintiff, ) ) v. ) ) 3M COMPANY, et al., ) ) Defendants. ) | **ORDER** |

This matter comes before the court on the motions for reconsideration and for leave to amend brought by cross-claimant PCS Phosphate, Inc. ("PCS Phosphate") (DE ## 297, 299) and plaintiff Carolina Power & Light Company ("CP&L") (DE # 305). These parties request that the court reconsider its order dismissing with prejudice all claims against defendant IES Commercial, Inc. ("IES") for failure to allege corporate successor liability. IES has responded, and PCS Phosphate and CP&L have replied. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, the motions are allowed.

## STATEMENT OF THE CASE

On April 30, 2009, plaintiff filed complaint against IES, among others defendants, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-967. Plaintiff sought recovery and/or contribution towards costs incurred cleaning up environmental contamination caused by pholychlorinated biphenyls ("PCBs") at the Ward Transformer Superfund Site ("the Ward Site") in Raleigh, North Carolina. The action

against IES was consolidated with five others brought by plaintiff and Consolidation Coal Company at a joint scheduling conference held August 18, 2009.[1] Plaintiff thereafter filed a consolidated amended complaint on September 1, 2009. PCS counterclaimed against plaintiff and cross-claimed against IES and other defendants on September 15, 2009.

On October 13, 2009, defendants moved to dismiss the amended complaints and cross-claims. In an omnibus motion to dismiss pursuant to Rule 12(b)(6), defendants argued that CP&L and PCS Phosphate failed to properly allege CERCLA liability. In an addendum to that motion, IES separately argued that CP&L and PCS Phosphate had failed to properly allege that it was liable under a theory of corporate successor liability. By order entered March 24, 2010, the court denied the omnibus motion to dismiss, but agreed with IES that successor liability had been improperly pleaded and dismissed all claims against it with prejudice.

On April 29, 2010, PCS Phosphate moved the court for reconsideration of the dismissal with prejudice. PCS Phosphate contends that dismissals in similar cases are usually ordered without prejudice, and that parties are generally given leave to amend pleadings found deficient under Rule 12(b)(6). PCS Phosphate also notes that it requested leave to amend its cross-claims in a footnote to its Joint Memorandum in Opposition to Defendants' Motion to Dismiss Based on Allegations of Corporate Successor Liability. Contemporaneously with its motion for reconsideration, PCS Phosphate filed a motion for leave to amend its complaint. By motion filed May 18, 2010, CP&L joined PCS Phosphate's motions, seeking reconsideration of the dismissal of its own claims against IES as well as leave to amend to properly assert successor liability.

---

[1] Consolidation Coal Company, plaintiff in No. 5:08-CV-463-FL, did not file a claim against IES. Thus, the instant motions are brought in No. 5:08-CV-460-FL only.

On June 7, 2010, IES filed a memorandum in opposition to the motions of PCS Phosphate and CP&L. IES asserts that these parties are improperly attempting to re-litigate an issue which the parties already had a full and fair opportunity to present to the court. IES argues that the information used to reform the pleadings had been publicly available for years prior to the initiation of this lawsuit, and that PCS Phosphate and CP&L have already had a number of earlier opportunities to reform their pleadings to properly allege successor liability but failed to do so. Specifically, IES notes that at the conference held August 18, 2009, CP&L asked the court for leave to amend their claims prior to the anticipated motions to dismiss, and that any additional allowance for the parties to re-plead following the motions to dismiss is not in keeping with the court's stated desire for the efficient management of this matter.

PCS Phosphate replied on June 21, 2010, addressing the deficiencies it saw in IES's response. CP&L did not file reply.

## DISCUSSION

A.   Standard of Review

This court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991). Under Rule 54(b):

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

3

Fed.R.Civ.P. 54(b). Motions for reconsideration are not subject to the same "strict standards" applicable to motions under Rule 60(b), Am. Canoe Ass'n, 326 F.3d at 514, but the court may look to the general principles of that rule in exercising its discretion, see Fayetteville Investors, 936 F.2d at 1470. Resolution of a motion under Rule 54(b) is "committed to the discretion of the district court." Am. Canoe Ass'n, 326 F.3d at 515.

B.  Analysis

In light of the federal policy of deciding cases on the basis of substantive rights rather than pleading technicalities, a district court generally should not dismiss a complaint pursuant to Rule 12(b)(6) without permitting a claiming party leave to amend. Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (en banc) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Although "prejudice" may often be determined by the nature of the amendment and its timing, delay alone is not a sufficient reason to withhold leave to amend. Id. at 427.

These principles indicate that the court clearly erred in dismissing the claims against IES without giving PCS Phosphate or CP&L leave to amend. The deficiency in the pleadings was merely a technical one that could be corrected as proposed by claimants, and the proposed amendments are in fact not futile where they do correct the error addressed by the court in its order granting IES's motion to dismiss. Nor do the arguments now raised by IES convince the court that the amendments would prejudice IES at this relatively early stage of litigation, or that PCS Phosphate and CP&L acted in bad faith in initially formulating their claims or in failing to amend the same at some prior

4

point in the litigation. Indeed, in their joint opposition to the motion to dismiss based on failure to allege successor liability, PCS Phosphate and CP&L expressly requested leave to amend their pleadings should the same be found deficient by this court.

The court's focus in this matter has been and continues to be the swift and efficient resolution of these actions. But "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." Am. Canoe Ass'n, 326 F.3d at 515. Although the court does not wish to invite yet another round of added pleadings, its decision to dismiss the claims against IES with prejudice was legal error that should be and hereby is reconsidered.

## CONCLUSION

For the reasons set forth above, the motions of PCS Phosphate and CP&L for reconsideration and leave to amend (DE ## 297, 299, 305) are ALLOWED. The dismissal of the successor liability claims against IES is deemed to be without prejudice, and the moving parties are granted leave to amend their pleadings to properly set forth successor liability against IES. These parties shall file their amended pleadings within seven days from date of entry of this order.[2]

SO ORDERED, this the 19th day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] CP&L's proposed amended complaint re-asserts a claim against IES pursuant to § 107, which claim was dismissed on separate grounds. In granting CP&L leave to amend, the court is not asked to reconsider this determination, and leave is granted with the caveat that CP&L's § 107 claim remains dismissed as to IES.