IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-460-FL

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY d/b/a PROGRESS ENERGY CAROLINAS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| 3M COMPANY, et al., | ) ) | |
| Defendants. | ) | |

This matter comes before the court on the motion of defendant Wartburg College ("Warburg") to set aside entry of default (DE # 339). Plaintiff has responded in opposition, and the issues raised are now ripe for adjudication. For the reasons that follow, Wartburg's motion to set aside entry of default is allowed.

## BACKGROUND

Plaintiff initiated this action against Wartburg, among a number of other defendants, on April 30, 2009. Although the court immediately stayed all proceedings, by order entered June 10, 2009, it directed defendant, once served with the summons and complaint, to file and serve a notice of appearance within the time allowed for filing an answer. According to Wartburg, it received the summons and complaint in late June 2009.

On August 18, 2009, the court consolidated the action against Wartburg with other actions involving the same subject matter brought by plaintiff. By order entered September 21, 2009, the court stayed the deadline to file responsive pleadings until after resolution of pending motions to

dismiss. The court ruled on the motion to dismiss on March 24, 2010. In its scheduling order entered June 15, 2010, the court lifted the stay. That order contemplated that defendants would file a collective pleading of standard defenses and claims on or before July 30, 2010.

On July 16, 2010, plaintiff filed a motion for entry of default against Wartburg, which had not yet entered an appearance in this case. Pursuant to that motion, the clerk of court entered default against Wartburg on July 19, 2010. On July 22, 2010, Wartburg appeared in this action by filing a notice of appearance by counsel.

On July 30, 2010, Wartburg joined the collective answer filed by all defendants in this action. Contemporaneously therewith, Wartburg moved to set aside entry of default. After the court granted plaintiff's motion for an extension of time to respond to the motion to set aside entry of default, plaintiff responded in opposition on September 10, 2010.

## DISCUSSION

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Rule 55(c) is "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

The disposition of a motion under Rule 55(c) is largely within the discretion of the court. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006). However, the court has set forward a number of factors for the court to consider, including "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the

2

defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Id. at 204-05.

Wartburg contends that it has asserted one or more meritorious defenses, that it acted with reasonable promptness upon learning of plaintiff's entry of default, and that plaintiff would not be prejudiced by setting aside entry of default. Plaintiff does not challenge these assertions. Instead, plaintiff focuses on Wartburg's "personal responsibility" for the default. Plaintiff contends that a party's "personal responsibility" (as opposed to the responsibility of its retained counsel) is the most important factor in the court's determination, citing Colleton Preparatory Academy, Inc. v. Beazer East, Inc., 223 F.R.D. 401, 405 (D.S.C. 2004).

After plaintiff filed its memorandum in opposition to Wartburg's motion, the Fourth Circuit overturned the district court's decision in Colleton, thereby undermining plaintiff's argument as to the importance of the "personal responsibility" factor. The Fourth Circuit noted that "in refusing to set aside the entry of default, the district court placed overarching emphasis on a single . . . factor: the 'personal responsibility of the defaulting party.'" Colleton, 616 F.3d at 419. According to the Fourth Circuit, "the district court abused its discretion when, in the face of our time-worn commitment to the resolution of disputes on their merits, and in light of overwhelming evidence supporting 'good cause' to vacate the entry of default under [Rule 55(c)], it relied too heavily on [a prior case discussing 'personal responsibility']." Id. at 420.

Accordingly, the court cannot adopt the course suggested by plaintiff where the other factors governing consideration of a motion under Rule 55(c), in light of the Fourth Circuit's strong preference for resolution of disputes on their merits, more than supply the "good cause" necessary to vacate the entry of default in this case. The court is indeed reluctant to place any emphasis, let

3

alone controlling emphasis, on the personal responsibility of Wartburg where there is some question as to whether Wartburg or the attorney it believed to be representing it in this matter is responsible for the failure to timely appear.* See Augusta Fiberglass Coatings, Inc. V. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) ("When the party is blameless and the attorney is at fault, . . . default judgment should ordinarily be set aside. When the party is at fault, . . . [it] must adequately defend its conduct in order to show excusable neglect."). Therefore, Wartburg's motion to set aside entry of default (DE # 339) is ALLOWED.

SO ORDERED, this the 25th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

* In June of 2009, Wartburg's Vice President of Administration, Gary Grace ("Grace"), received a copy of the summons and complaint. Grace subsequently contacted Ivan Ackerman ("Ackerman"), an attorney and former member of Wartburg's board of trustees, who had previously handled multiple legal matters as outside counsel for Wartburg. Grace understood that by forwarding the summons and complaint to Ackerman, consistent with previous occasions on which he had been retained as counsel, Ackerman would either represent Wartburg's interest or would secure other counsel to represent Wartburg. When it was eventually informed of the motion for entry of default, Wartburg quickly retained other counsel.

4