THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY<br>d/b/a PROGRESS ENERGY CAROLINAS,<br>INC., | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No.: 5:08-CV-460-FL<br>(CONSOLIDATED) |
| 3M COMPANY, et al., | )<br>)<br>) | |
| Defendants. | ) | |
| CONSOLIDATION COAL COMPANY, | )<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No.: 5:08-CV-463-FL<br>(CONSOLIDATED) |
| 3M COMPANY, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM AND RECOMMENDATION**

This matter is before the Court on the motion for clarification filed by Third-Party Defendant Tallahassee Memorial Healthcare, Inc. ("Tallahassee Memorial") [CP&L DE-880, Consol DE-878]. On February 3, 2012, the undersigned entered an order directing that "[a]ny party, including Third-Party Plaintiff PCS Phosphate Company, Inc. and the Third-Party Defendants, that wishes to object to or otherwise be heard on the relief proposed in the motion for clarification shall file a response to the motion no later than February 13, 2012. Any reply shall be filed no later than February 17, 2012." Feb. 3, 2012 Order [CP&L DE-949, Consol DE-946]. Responses were, thereafter, filed by Third-Party Plaintiff PCS Phosphate Company, Inc. ("PCS") [CP&L DE-967, Consol DE-964] and Third-Party Defendants CEMEX Construction

Materials FL, LLC, DACCO Incorporated, J.C. Blair Memorial Hospital, National Railroad Passenger Corporation, and Woodstream Corporation (the "Responding Third-Party Defendants") [CP&L DE-968, Consol DE-965], and Tallahassee Memorial filed a reply [CP&L DE-995, Consol DE-993]. District Judge Louise W. Flanagan has referred the motion for clarification to the undersigned for consideration, and it is ripe for review.

## BACKGROUND

Plaintiffs Carolina Power and Light Co. d/b/a Progress Energy Carolinas, Inc. ("CP&L") and Consolidation Coal Company ("Consol") filed these CERCLA actions alleging that Defendants, including PCS, were liable for response costs and contribution as a result of releases or threatened releases of one or more hazardous substances at or from the Ward Transformer Superfund Site (the "Ward Site") in Raleigh, North Carolina. PCS joined with CP&L and Consol in performing removal work at the Ward Site, and PCS brought crossclaims under CERCLA against the other original Defendants to recover response costs. PCS has spent approximately $17.4 million in response costs and now seeks to recover a portion of those costs from the Third-Party Defendants.

On November 14, 2011, the Court granted PCS's motion for leave to file Third-Party Complaints [CP&L DE-625, Consol DE-620], and on November 21, 2011, PCS filed three Third-Party Complaints [CP&L DE-633, 634, & 635, Consol DE-628, 630, & 632]. Of the approximately 40 Third-Party Defendants actively remaining in these actions, 16 have filed answers, one has filed a motion to dismiss, in which four others have joined, and 19 have not yet responded to the Third-Party Complaints. On February 3, 2012, the time for all Third-Party Defendants to answer or otherwise respond to the Third-Party Complaints of PCS Phosphate

Company, Inc. was extended to March 15, 2012 to allow the Court to consider the instant motion.  [CP&L DE-950, Consol DE-947.]

## DISCUSSION

Tallahassee Memorial seeks to clarify the extent to which certain provisions of the June 15, 2010 Case Management Order ("CMO") apply to the Third-Party Defendants.  Specifically, Tallahassee Memorial seeks an order granting the following relief:

a. Staying all discovery as to all third-party defendants including the obligation to exchange information pursuant to Federal Rule of Civil Procedure 26(a)(1), pending further order of this Court;

b. Deeming that all third-party defendants have denied each and every allegation and request for relief asserted in the Third-Party Complaint against it except those stating the defendant's name and identifying information;

c. Deeming that the Standard Defenses asserted in Defendants' Collective Answer (Including Standard Defenses and Claims) to Plaintiffs' Second and Third Amended Complaints and PCS Phosphate Company, Inc.'s Crossclaims (D.E. 342, 348) are asserted by all third-party defendants against the Third-Party Complaint;

d. Deeming that the Standard Counterclaims asserted against plaintiffs in the Defendants' Collective Answer (Including Standard Defenses and Claims) to Plaintiffs' Second and Third Amended Complaints and PCS Phosphate Company, Inc.'s Crossclaims (D.E. 342, 348) are asserted by all third-party defendants against PCS[;]

e. Reserving all crossclaims each third-party defendant may have; [and]

f. Permitting each third-party defendant, if necessary, to file an individual response to the Third-Party Complaint including motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b) or asserting any non-CERCLA defenses or common law claims and counterclaims specific to that particular third-party defendant or to correct the third-party defendant's name or identifying information[.]

Mot. for Clarification at 7-8 [CP&L DE-880, Consol DE-878].[1] Prior to filing the instant motion, Tallahassee Memorial sought comment from all parties regarding the relief requested. The following is Tallahassee Memorial's characterization of the responses it received, which appear to have in large part been incorporated into the aforementioned requests:

> The response from the third-party defendants was positive with the following caveats:
>
> a. The third-party defendants seek a reservation of the right to assert a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).
>
> b. The third-party defendants have no present need to assert a standard crossclaim and ask that their right to assert crossclaims against their fellow third-party defendants be reserved.
>
> c. Some third-party defendants have already filed their responses to the Third-Party Complaint. Others will likely file their responses while this motion is pending. There is a consensus that all third-party defendants should benefit from the relief sought in this motion unless they specifically opt out within a reasonable time after entry of an order granting the relief requested herein.
>
> On information and belief, no first tier defendants responded negatively to the e-mail and none have communicated an objection to the relief sought.
>
> PCS reserves the right to respond to the motion within the time allowed by the local rules. On information and belief, PEC and Consol have not responded to the e-mail and have not communicated an objection to the relief sought.
>
> A suggestion was made to join as many third-party defendants as possible in a joint motion for clarification. Due to the logistical hurdles at this time, this suggestion has been deferred. Tallahassee Memorial seeks clarification to the benefit of all third-party defendants except those who choose, as above, to opt out within a reasonable time after entry of an order granting the relief requested herein.

*Id*. at 4-5. PCS responded to Tallahassee Memorial's request for relief as follows:

---

[1] An additional request for relief "[p]ermitting each third-party defendant to opt out within a reasonable time after entry of an order granting the relief requested herein" was later withdrawn by Tallahassee Memorial after the Court entered its Order directing any party with an objection to the relief sought to respond to the instant motion. Tallahassee Memorial's Reply at 6 [CP&L DE-995, Consol DE-993].

4

a. Because discovery with regard to the test case Defendants closed on January 15, 2012, and the November 29th Order issued "a stay of unrelated discovery pending decision on motions of or concerning liability of the 'test case defendants'" (Nov. 29, 2011 Order at 7), PCS agrees that discovery as to all parties to the litigation, including Third-Party Defendants, is currently stayed. PCS requests that, once the stay of discovery is lifted, discovery with regard to Third-Party Defendants be handled in a manner similar to that outlined in the CMO, so that all parties to the litigation are proceeding in a uniform manner. PCS requests a status conference to discuss and formalize such discovery procedures to ensure consistency.

b. PCS has no objection to an order deeming that all Third-Party Defendants have denied each and every allegation and request for relief asserted in the Third-Party Complaints, except the Third-Party Defendant's name and identifying information.

c. PCS has no objection to an order deeming that the standard defenses asserted in Defendants' Collective Answer are asserted by Third-Party Defendants against the Third-Party Complaints.

d. PCS has no objection to an order deeming that the standard counterclaims asserted in Defendants' Collective Answer are asserted by Third-Party Defendants against PCS, so long as such order also declares that PCS denies the standard counterclaims and deems that the CERCLA defenses filed by PCS on July 30, 2010 are deemed asserted against the standard counterclaims of the Third-Party Defendants.

e. PCS does not object to a reservation of Third-Party Defendants' crossclaims.

f. PCS does not object to Third-Party Defendants filing "an individual answer asserting any non-CERCLA defenses or common law claims and counterclaims specific to that particular defendant or to correct defendant's name and identifying information." (CMO at 10.) With regard to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), PCS requests that such motions be handled in a manner similar to how they were handled with regard to the original Defendants, such that any issues common to all Third-Party Defendants would be addressed in an omnibus motion to dismiss, with issues specific to a particular Third-Party Defendant addressed in addenda to the omnibus motion to dismiss. PCS requests that an omnibus motion to dismiss and corresponding addenda be filed only after the briefing on the test case motions for summary judgment is complete. PCS further requests that Third-Party Defendants be prohibited from attempting to re-litigate the issues raised in Defendants' October 13, 2009 Omnibus Motion to Dismiss (460 DE 228;

5

> 463 DE 254), as those issues were already addressed in the Court's March
> 24, 2010 Order (460 DE 277; 463 DE 305). PCS understands that in order
> to proceed with an omnibus motion to dismiss, Third-Party Defendants
> may need the assistance of liaison counsel. PCS therefore suggests that
> Third-Party Defendants be ordered to join existing liaison groups, or name
> liaison counsel specific to Third-Party Defendants.

PCS's Resp. at 4-5 [CP&L DE-967, Consol DE-964]. PCS additionally responded that it does not object to filing a list of remaining Third-Party Defendants and their transaction categories, i.e., sales, consignment, and/or repair, as suggested by Tallahassee Memorial. *Id*. at 6. Finally, PCS requested that the Court confirm that the CMO's provision regarding electronic service applies to Third-Party Defendants. *Id*. The Responding Third-Party Defendants joined in and endorsed Tallahassee Memorial's motion and additionally asked the Court to allow Third-Party Defendants that have already responded to the Third-Party Complaints to amend their responses as may be appropriate based on the relief, if any, entered by the Court. Resp. Third-Party Def.s' Resp. at 2 [CP&L DE-968, Consol DE-965]. Finally, Tallahassee Memorial objected to (1) PCS's suggestion that the Third-Party Defendants be required to file an omnibus motion and that such a motion be filed and briefed after briefing on the test case summary judgment motions has concluded; and (2) PCS's suggestion that a discovery plan be addressed as to the Third-Party Defendants prior to resolution of the test case motions. Tallahassee Memorial's Reply at 2-5.

In summary, there appear to be no objections with regard to the following requests (1) that the present stay of discovery apply to Third-Party Defendants; (2) that the Court deem allegations denied, standard defenses and counterclaims asserted, and crossclaims reserved on behalf of all Third-Party Defendants; (3) that the filing of individual answers unique to a particular defendant be allowed; (4) that PCS file a list of Third-Party Defendants with alleged transaction categories; and (5) that the electronic service provision of the CMO apply to Third-Party Defendants. In dispute is (1) whether Third-Party Defendants should be required to file an

6

Case 5:08-cv-00460-FL   Document 1056   Filed 04/03/12   Page 6 of 12

omnibus motion to dismiss and, if so, the timing of such a motion; and (2) whether a discovery plan as to Third-Party Defendants should be addressed now or at the conclusion of the test case process.

First, with respect to motions to dismiss, there are efficiencies to be had by a consolidated approach to motion practice. PCS suggests that the Third-Party Defendants be required to file an omnibus motion to dismiss as to common issues with issues specific to individual Third-Party Defendants being addressed in supplemental filings to the omnibus motion. Tallahassee Memorial contends that the motion to dismiss filed by Riley Power, Inc. [CP&L DE-946, Consol DE-943] – followed by the filing of four additional motions [CP&L DE-953, 955, 957, & 963; Consol DE-950, 952, 954, & 958] that simply incorporated by reference the arguments in Riley Power's brief – can have the same practical effect as an omnibus motion and that requiring the Third-Party Defendants to now "repackage" their motions as an omnibus motion would only serve to delay decision on the issues presented and to increase expense to the parties.

The course taken by the original Defendants is instructive. *See* August 18, 2009 Status Conference Tr. at 36-56 (discussing process by which original Defendants would file omnibus and supplemental motions to dismiss) [CP&L DE-214, Consol DE-246]. Prior to the appointment of liaison counsel, a group of Defendants filed an omnibus motion to dismiss for failure to state a claim [CP&L DE-228, Consol DE-254], which was supplemented by a second motion to dismiss section 107 claims that was filed by a group of Defendants [CP&L DE-226, Consol DE-256], and three separate motions to dismiss on jurisdictional grounds filed by individual Defendants [CP&L DE-223, 224, & 225, Consol DE-251, 252, & 253]. Here, Riley Power has filed a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because it contends that PCS may not, as a matter of law, assert a section 107 cost

7

recovery claim against the Third-Party Defendants. Riley Power's Mot. to Dismiss at 1-2 [CP&L DE-946, Consol DE-943]. Alternatively, Riley Power argues that, pursuant to Rule 14, PCS has failed to state "a claim for relief against Riley Power upon which it is or may be liable to PCS for all or part of the <u>Plaintiffs'</u> claim against PCS" or that, pursuant to Rule 12(b)(6), PCS has failed to sufficiently allege "(1) that Riley Power owned transformers that resulted in a release and response costs at the Ward Site, and (2) that Riley Power took intentional steps to dispose of PCBs at the Ward Site." *Id*. at 2 (original emphasis). Subsequent to the filing of Riley Power's motion, four other Third-Party Defendants filed motions to dismiss that incorporated and adopted Riley Power's summary of the case and its legal arguments regarding PCS's ability to assert a section 107 cost recovery claim against the Third-Party Defendants and failure to properly assert a Rule 14 claim.

It appears that Riley Power has asserted two grounds for dismissal that are common to other Third-Party Defendants, and no purpose would be served by requiring other Third-Party Defendants to reassert the same legal issues. For those Third-Party Defendants that have not yet filed motions, but that may wish to raise the same legal issues as Riley Power, it would not be unduly burdensome to collaborate for the purpose of filing an omnibus motion to dismiss that joins in the motion filed by Riley Power, similar to what the four others have already done. Third-Party Defendants that have already filed answers could be given an opportunity to amend their answers, by way of the omnibus filing, if they so desire to join in Riley Power's motion. Finally, Third-Party Defendants could be allowed to file supplemental motions on unique alternative grounds, *e.g.*, personal jurisdiction or immunity, or to file a supplemental group motion on a common issue not addressed by Riley Power's motion or to elaborate on the grounds set forth in Riley Power's motion. A consolidated approach such as the one outlined here, as

opposed to the filing of multiple, repetitive motions, will conserve the resources of both the Court and the parties.

With respect to PCS's request in its response that the Third-Party Defendants be prohibited from relitigating issues addressed in the Defendants' October 13, 2009 Omnibus Motion to Dismiss and in the Court's March 24, 2010 Order, such a general blanket prohibition would not likely be useful, and PCS has not pointed out any specific issue that a Third-Party Defendant is attempting to relitigate. Furthermore, any "law of the case" argument may be raised by PCS in its response to Third-Party Defendants' motions.

With respect to the timing of briefing on the motions, the Third-Party Defendants have a legitimate interest in having certain potentially dispositive threshold issues decided expeditiously. However, it is not unreasonable to allow PCS to respond to the motions to dismiss after briefing is completed on the test case motions. The final briefing deadline in the test cases is now April 20, 2012, as Plaintiffs and Bonner Electric, Inc. have settled their claims, which eliminates the final series of test case motions. The Third-Party Defendants will need some additional time between now and then to formulate their responses in light of any action the Court takes on the instant motion. Furthermore, if the Court adopts the recommendation, multiple motions may be filed, which would necessitate some additional response time for PCS. And, as a practical matter, the Court will need time to rule on the test case motions after they ripen. Therefore, providing PCS with additional time, after the conclusion of briefing on the test case motions, to respond to the motions to dismiss is not unreasonable and will not unduly delay decision on the motions.

Finally, with respect to establishing a discovery plan for the Third-Party Defendants, the parties and the Court will be in a better position to consider such issues after the Court's ruling

on the motions to dismiss, as well as the test case motions, both of which will impact the Third-Party Defendants. Having the benefit of hindsight with the course of discovery taken by the original parties will aide in the prompt and efficient address of a discovery plan after the Court's ruling on the motions and any period of ADR. Additionally, postponing determination of case management issues until after the motions are decided will allow the Court to evaluate the position of all remaining Defendants and, to the fullest extent possible, streamline the case with respect to the original and Third-Party Defendants.

Therefore, it is **RECOMMENDED** that Tallahassee Memorial's motion for clarification be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the stay of discovery previously entered by the Court with respect to the original parties shall apply in equal force to the Third-Party Defendants so that all discovery in these cases is now stayed in conformity with the Court's November 29, 2011 Order;

2. That, in lieu of each Third-Party Defendant filing an answer to the Third-Party Complaints, the Court declare that each Third-Party Defendant has denied each and every allegation and request for relief asserted against it, except those stating its name and other identifying information;

3. That the Court declare that the Standard Defenses asserted in Defendants' Collective Answer (Including Standard Defenses and Claims) to Plaintiffs' Second and Third Amended Complaints and PCS Phosphate Company, Inc.'s Crossclaims [CP&L DE-342, Consol DE-348] are asserted by each Third-Party Defendant against the Third-Party Complaints;

4. That the Court declare that the Standard Counterclaims asserted against Plaintiffs in the Defendants' Collective Answer (Including Standard Defenses and Claims) to Plaintiffs' Second and Third Amended Complaints and PCS Phosphate Company, Inc.'s Crossclaims are asserted by each Third-Party Defendant against PCS;

5. That the Court declare that PCS denies the Standard Counterclaims asserted by each Third-Party Defendant, except those stating its name and other identifying information;

6. That the Court declare that the CERCLA defenses filed by PCS on July 30, 2010 [CP&L DE-343; Consol DE-349] are asserted against the Standard Counterclaims asserted by each Third-Party Defendant;

7. That all other crossclaims any Third-Party Defendant may have be reserved;

8. That each Third-Party Defendant, if necessary, within 14 days of entry of the Court's final order, shall file an individual answer or amend its previously filed answer to the Third-Party Complaints asserting any non-CERCLA defenses or common law claims and counterclaims specific to that particular Third-Party Defendant or to correct the Third-Party Defendant's name or other identifying information;

9. That Third-Party Defendants desiring to raise the common issues asserted in Riley Power's 12(b)(6) motion to dismiss, or other common issues not asserted in Riley Power's motion, file an omnibus motion to dismiss, within 30 days of entry of the Court's final order, in which any Third-Party Defendant may notify the court of its joinder in Riley Power's motion to dismiss or raise new issues not asserted in Riley Power's motion. To the extent the joining parties deem it necessary, additional supplemental briefing on the common issues set forth in Riley Power's motion may be included;

10. That Third-Party Defendants desiring to raise unique alternative grounds for dismissal, *e.g.*, personal jurisdiction or immunity, may file a supplemental motion to dismiss within 30 days of entry of the Court's final order. Any perceived need for limited jurisdictional or other discovery should be promptly brought to the Court's attention;

11. That any Third-Party Defendant shall not be precluded from joining in an omnibus motion to dismiss or filing a supplemental motion to dismiss due to having previously filed a response to the Third-Party Complaint and that such joinder or filing be deemed to amend any previously filed response to the Third-Party Complaints;

12. That PCS have 30 days from the deadline for filing any omnibus motion, or supplemental motion to dismiss, to respond to any such motions, including the previously filed motion of Riley Power;

13. That Section I.O. of the CMO, which provides that "[e]lectronic service on a party shall be sufficient to satisfy the requirements of the Federal Rules of Civil Procedure and all parties are directed to accept electronic service from any other party," shall apply in equal force to the Third-Party Defendants;

14. That PCS be directed to file a notice containing a list of the remaining Third-Party Defendants with their alleged transaction categories; and

15. That a status conference be scheduled after ruling on the test case motions and the motions to dismiss to address case management issues.

11

The clerk shall send copies of this Order and Memorandum and Recommendation to the parties who have fourteen days (14) after receiving it to file written objections. Failure to file timely written objections bars or may bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report, and, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

This 3rd day of April 2012.

_____
DAVID W. DANIEL
United States Magistrate Judge