IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CAROLINA POWER & LIGHT COMPANY d/b/a PROGRESS ENERGY CAROLINAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> 3M COMPANY, *et al.*, <br><br> Defendant. | CIVIL ACTION NO. 5:08-CV-00460-FL |
| CONSOLIDATION COAL COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> 3M COMPANY, *et al.*, <br><br> Defendant. | CIVIL ACTION NO. 5:08-CV-00463-FL |

## ORDER

On September 1, 2009, Plaintiff Consolidation Coal Company ("Consol") filed its Second Amended Complaint against Defendants, alleging claims pursuant to Sections 107 and 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607, 9613,[1] to recover response costs Consol has incurred for cleanup at the Ward Transformer Superfund Site ("Ward Site"). The part of the Ward Site that is the subject of this action encompasses approximately thirty-plus acres of property owned by Ward Transformer Company, Inc. and/or Ward Transformer Sales and Service, Inc. (collectively

---

[1] Consol's Section 107 claims were subsequently dismissed. (Mar. 24, 2010 Order at 23 (Case No. 460 DE 277; Case No. 463 DE 305); Sept. 8, 2010 Consent Order (Case No. 460 DE 454; Case No. 463 DE 453).)

"Ward"), as well as parts of adjoining properties owned by certain parties related to Ward and parts of other properties owned by certain other parties unrelated to Ward.

On September 15, 2009, Defendant and Crossclaim/Counterclaim/Third-Party Plaintiff PCS Phosphate Company, Inc. ("PCS") filed crossclaims against Defendants, and on November 21, 2011, PCS filed claims against Third-Party Defendants, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, to recover response costs PCS has incurred for cleanup at the Ward Site.

Consol and PCS allege that Defendants (and PCS alleges that Third-Party Defendants) engaged in one or more of the following types of transactions with Ward, resulting in liability under CERCLA: (a) sales; (b) repairs; and (c) consignments.

Consol, PCS, Plaintiff Carolina Power & Light Company d/b/a Progress Energy Carolinas, Inc. ("PEC"),[2] and Defendants participated in multiple status conferences with Magistrate Judge Daniel to discuss means to streamline the litigation. At the Court's directive, the parties worked cooperatively to agree upon a "test case" process and schedule. At the October 5, 2011 status conference, Plaintiffs and Defendants informed the Court that they had agreed on a "test case" process, with Georgia Power Company ("Georgia Power") as the sales "test case" Defendant.[3]

The Court set forth the schedule for the "test case" process in Orders filed on November 14, 2011 and November 29, 2011. Pursuant to the November 29, 2011 Order, Georgia Power filed its motion for summary judgment and Plaintiffs filed their cross-motions by January 31, 2012. Georgia Power and Plaintiffs filed responses on March 16, 2012, and reply briefs on April

---

[2] Consol, PCS, and PEC are collectively referred to as "Plaintiffs" throughout this Order.

[3] This Order only pertains to the Court's ruling on the sales "test case" motions for summary judgment, so repair and consignment transactions are not discussed herein. Repair and consignment transactions involve different facts and different legal issues.

6, 2012. By its opinion and order, on February 1, 2013, the Court granted Georgia Power's motion for summary judgment and denied Plaintiffs' cross-motions for summary judgment, disposing of all claims against Georgia Power in the current litigation.

On March 6, 2013, Consol and PCS filed a motion under Federal Rule of Civil Procedure 54(b), seeking entry of a final judgment on all claims as to Georgia Power, so that PCS and Consol may immediately appeal their claims against Georgia Power without delay. Georgia Power filed a Response stating that it did not object to entry of final judgment.

Two steps are required "to effectuate a Rule 54(b) certification." *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)). "First, the district court must determine whether the judgment is final." *Id.* (quoting *Braswell Shipyards*, 2 F.3d. at 1335). A judgment is "final" when it reflects "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id.* (quoting *Braswell Shipyards*, 2 F. 3d at 1335). In undertaking this determination, the district court should consider the following factors, if applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* (footnote omitted) (quoting *Braswell Shipyards*, 2 F.3d at 1335-36).

Applying these criteria to the present litigation, the Court hereby finds that entry of final judgment as to all claims asserted against Georgia Power and Rule 54(b) certification for

immediate appeal are appropriate, and the Court GRANTS Consol's and PCS's motion. The Court bases its decision on the following:

1. The February 1, 2013 Order grants Georgia Power's motion for summary judgment and denies Plaintiffs' cross-motions, holding that Georgia Power is not liable as an arranger under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3). This disposes of Georgia Power as a party to the litigation. *See* Fed. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if . . . there is no just reason for delay. . . ." (emphasis added)); *Fox v. Baltimore City Police Dep't*, 201 F.3d 526, 529-30 (4th Cir. 2000) (holding that "the district court did not abuse its discretion in certifying its judgment for immediate appeal" where eleven of twenty-eight plaintiffs were eliminated on summary judgment). Because the February 1st Order disposes of all claims against Georgia Power in the current litigation, that Order is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *MCI Constructors, LLC*, 610 F.3d at 855 (quoting *Curtiss-Wright*, 446 U.S. at 7).

2. There is no just reason for delay of an appeal of the claims against Georgia Power. The above-referenced factors set forth by the Fourth Circuit favor Rule 54(b) certification with regard to the claims against Georgia Power:

    A. The first factor, the relationship between adjudicated and unadjudicated claims, does not merit delay of an appeal. First, the factual issues addressed in the February 1st Order are separate and distinct from the factual issues pertinent to the unadjudicated claims. The February 1st Order focuses on the specific circumstances of Georgia Power's sale of transformers to Ward; those facts are unique to Georgia Power

-4-

and are unrelated to the specific facts surrounding other parties' individual actions in relation to Ward.

Second, the purpose of the "test case" process involving Georgia Power was to enable other sales parties and Plaintiffs to achieve final judicial determination of the legal issues pertinent to all sales parties, so as to streamline the litigation and conserve judicial and party resources. Immediate appellate review of these legal issues, and the finality it would bring, would enhance this efficiency. *See Fox*, 201 F.3d at 530- 32 (finding immediate appeal appropriate in circumstances where the resolution of a legal issue applicable to both adjudicated and unadjudicated claims would streamline resolution of remaining claims).

B. With regard to the second and third factors, appellate review will not be mooted by future developments in the district court, and the appellate court will not be obliged to consider the same issue a second time. Because the factual issues surrounding Georgia Power's sale of transformers are separate and distinct from the factual issues surrounding the facts and circumstances concerning other parties, immediate appellate review of the February 1st Order will not be mooted by future developments in the District Court, nor will the appellate court be obliged to consider those same factual issues a second time. *See id.* at 531-32 ("We foresee nothing that could emerge from further proceedings that would either alter our analysis of this question or render it moot. . . . [B]ecause the claims of the eleven appellant officers emerge from factual circumstances clearly distinct from those on which the remaining plaintiffs base their claims, we do not believe that our resolution of questions raised in this appeal will have any deleterious effect on the remaining claims.").

Moreover, here, as in *Fox*, because addressing the legal issues applicable to both adjudicated and unadjudicated claims would streamline resolution of remaining claims, the factors of mootness or consideration of the same issues a second time weigh in favor of Rule 54(b) certification for immediate appeal. *See id.*; *see also Curtiss-Wright*, 446 U.S. at 8 n.2

C.  The fourth factor, set-off against the judgment sought to be made final, is inapplicable to this case. Because the February 1st Order grants Georgia Power's motion for summary judgment, as opposed to imposing a monetary judgment on Georgia Power, the issue of set-off against the judgment sought to be made final is inapplicable under the current circumstances.

D.  Finally, miscellaneous factors such as shortening the time of trial support immediate appeal.[4] The principal purpose of utilizing the "test case" process in the current litigation was judicial efficiency. Immediate appellate review of these legal issues, and the finality it would provide, would further conserve judicial resources. The Fourth Circuit has found streamlining of remaining claims a compelling reason for Rule 54(b) certification in similar circumstances. *See Fox*, 201 F.3d at 532 ("[B]ecause resolution of this appeal will eliminate much uncertainty as to the size of the plaintiff class and the amount of damages potentially available to the plaintiffs, it will streamline the resolution of the remaining plaintiffs' claims.").

3.  Based on the foregoing, the Court finds that there is no just reason for delay of an immediate appeal of the claims against Georgia Power.

---

[4] Some of the miscellaneous factors referenced by the Fourth Circuit, such as economic and solvency considerations and frivolity of competing claims, are inapplicable to the current case.

4. The Court hereby directs entry of final judgment on all claims against Georgia Power in the above-captioned cases. These include: Counts I and II of Consol's Second Amended Complaint (Case No. 463 DE 135) as applicable to Georgia Power; Count II of PEC's Consolidated and Third Amended Complaint[5] (Case No. 460 DE 325) as applicable to Georgia Power; and PCS's crossclaims (Case No. 460 DE 326; Case No. 463 DE 218) as applicable to Georgia Power.

SO ORDERED, this the 29 day of April, 2013.

Honorable Louise W. Flanagan
U.S. District Court Judge

---

[5] Count I of PEC's Consolidated and Third Amended Complaint was previously dismissed. (Mar. 24, 2010 Order at 23 (Case No. 460 DE 277; Case No. 463 DE 305); Sept. 8, 2010 Consent Order (Case No. 460 DE 454; Case No. 463 DE 453).)