IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| DUKE PROGRESS ENERGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 5:08-CV-460-FL |
| 3M COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| CONSOLIDATION COAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:08-CV-463-FL |
| | ) | |
| 3M COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

These consolidated cases[1] come before the court to specify the attendance requirements for the second settlement session to be conducted in Raleigh, North Carolina at the Raleigh Convention Center on 24-25 September 2015 from 9:00 a.m. to 6:30 p.m. ("second settlement session"). Also before the court are the motions by various parties to have certain individuals excused from the requirements for in-person attendance at the second settlement session. The

---

[1] Case number 5:08-CV-460-FL is the lead case number for three consolidated actions brought by plaintiff Duke Energy Progress, LLC (*see* 18 Aug. 2009 Minute Entry (D.E. 91) (consolidating cases)) and is referred to herein as "No. 460." Case number 5:08-CV-463-FL is the lead case number for three consolidated actions brought by plaintiff Consolidation Coal Company (*see id*.) and is referred to herein as "No. 463." The parties' respective filings related to the motions to be excused are identical in both the No. 460 and No. 463 cases.

motions have been fully briefed and have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Public Docket Entries dated 16 Sept. 2015 (in both 460 and 463)).

### Attendance Requirements for Second Settlement Session

1. Counsel and party representatives for plaintiffs and third-party plaintiff shall attend the entirety of the second settlement session on 24 and 25 September 2015.

2. Except as provided in ¶ 3 below, counsel and at least one party representative[2] for the following defendants and third-party defendants shall attend the second settlement session for one day only as follows:

| Party | Date |
|---|---|
| North Georgia Electric Membership Corporation<br>Huntington Ingalls Incorporated<br>Imerys Carbonates, LLC<br>Imerys Fused Minerals Greenville, Inc.<br>Carr and Duff, Inc.<br>Martin Marietta Materials, Inc.<br>General Electric Company<br>Chemical Products Corporation<br>International Paper Company<br>Baltimore Gas & Electric Company<br>Riley Power Inc.<br>Domtar Paper Company, LLC<br>Greenwood Mills, Inc.<br>Town of Louisburg, North Carolina<br>The North Carolina Granite Corporation<br>Bruce-Merrilees Electric Company<br>Owen Electric Steel Company of South Carolina<br>Virginia Electric and Power Company (VEPCO)<br>Bedford Rural Electric Cooperative Inc.<br>The National Lime and Stone Company | 24 September 2015 |

---

[2] As specified below in ¶ 6.a., in-person attendance of counsel only is required for Broad River Electric Cooperative, Inc.; GKN Driveline North American, Inc.; Pharmacia Corporation; Sonoco Products Company; and Unimin Corporation.

| Party | Date |
|---|---|
| Broad River Electric Cooperative, Inc.<br>GKN Driveline North America, Inc.<br>Pharmacia Corporation<br>Sonoco Products Company<br>Unimin Corporation<br>Gladieux Trading & Marketing Co., LP<br>Dixon Lumber Company, Inc.<br>Cape Hatteras Electric Membership Corporation<br>Palmetto Electric Cooperative, Inc.<br>Furman University<br>Consumers Energy Company<br>LaFarge Mid-Atlantic, LLC<br>Erachem Comilog, Inc.<br>Saint Augustine's College<br>Electric Equipment Corporation of Virginia<br>Frontier Communications Corporation<br>Intertape Polymer Group, Inc.<br>Union Carbide Corporation<br>Vulcan Construction Materials, Limited Partnership<br>LWB Refractories Company | 25 September 2015 |

3. Any defendant or third-party defendant whose attendance at the second settlement session is required pursuant to ¶ 2 above shall appear on the date specified notwithstanding any settlement reached at or following the 1-2 September 2015 settlement session unless the Special Master is provided in writing or by e-mail no later than 12:00 p.m. on 23 September 2015 confirmation, satisfactory to the Special Master, by counsel for the plaintiffs and/or third-party plaintiff and the defendant or third-party defendant of a settlement in principle as to all material terms.

### Disposition of Motions

The parties' motions to have certain individuals excused from the requirements for in-person attendance at the second settlement session are as follows:

| Movant(s) | Motion D.E.<br>(No. 460 case) | Motion D.E.<br>(No. 463 case) |
|---|---|---|
| Truland Corporation | 1674 | 1664 |
| Riley Power Inc. | 1675 | 1665 |

| Movant(s) | Motion D.E. (No. 460 case) | Motion D.E. (No. 463 case) |
|---|---|---|
| Tallahassee Memorial Healthcare, Inc. | 1676 | 1666 |
| Guernsey-Muskingum Electric Cooperative Inc. | 1677 | 1667 |
| Green Circle Growers, Inc. | 1678 | 1668 |
| Broad River Electric Cooperative, Inc.; Dixon Lumber Company, Inc.; GKN Driveline North American, Inc.; Pharmacia Corporation; Sonoco Products Company; Unimin Corporation; | 1679 | 1669 |
| Christus Health | 1680 | 1670 |
| Royal Street Junk Company, Inc. | 1681 | 1671 |
| Bay Mechanical & Electrical Corporation | 1682 | 1673 |
| The North Carolina Granite Corporation | 1683 | 1672 |

Having considered the motions, IT IS ORDERED as follows:

4. Due to the parties having provided confirmation to the Special Master that they have reached an agreement for settlement in principle of all material terms, the following motions seeking to excuse the in-person attendance of the party representative and counsel at the second settlement session are ALLOWED.

| Movant(s) | Motion D.E. (No. 460 case) | Motion D.E. (No. 463 case) |
|---|---|---|
| Truland Corporation | 1674 | 1664 |
| Tallahassee Memorial Healthcare, Inc. | 1676 | 1666 |
| Guernsey-Muskingum Electric Cooperative Inc. | 1677 | 1667 |
| Green Circle Growers, Inc. | 1678 | 1668 |
| Christus Health | 1680 | 1670 |
| Royal Street Junk Company, Inc. | 1681 | 1671 |
| Bay Mechanical & Electrical Corporation | 1682 | 1673 |

5. Because the Special Master has been unable to confirm that the movant has reached an agreement for settlement in principle of all material terms, the following motion seeking to excuse the in-person attendance of the party representative and counsel at the second settlement session is DENIED without prejudice to movant's providing confirmation of settlement pursuant to ¶ 3 above.

| Movant(s) | Motion D.E. (No. 460 case) | Motion D.E. (No. 463 case) |
|---|---|---|

| Movant(s) | Motion D.E. (No. 460 case) | Motion D.E. (No. 463 case) |
|---|---|---|
| Riley Power Inc. | 1675 | 1665 |

6. The following motion seeking to excuse the in-person attendance of party representatives is ALLOWED IN PART and DENIED IN PART.

| Movant(s) | Motion D.E. (No. 460 case) | Motion D.E. (No. 463 case) |
|---|---|---|
| Broad River Electric Cooperative, Inc.; Dixon Lumber Company, Inc.; GKN Driveline North American, Inc.; Pharmacia Corporation; Sonoco Products Company; Unimin Corporation | 1679 | 1669 |

a. Due to the Special Master's determination regarding the particularized status of the settlement discussions involving the following parties, the motion seeking to excuse the in-person attendance of party representatives, subject to a party representative being available by phone during the entirety of the second settlement session on the day specified in ¶ 2 above, is ALLOWED:

> Broad River Electric Cooperative, Inc.; GKN Driveline North American, Inc.; Pharmacia Corporation; Sonoco Products Company; Unimin Corporation

b. In light of the Special Master's determination that the in-person attendance of the party representative for Dixon Lumber Company, Inc. will aid in the resolution of material factual issues, the motion seeking to excuse the in-person attendance of the party representative(s) for this defendant is DENIED.

7. The following motion seeking to excuse the in-person attendance of counsel and the party representative is ALLOWED IN PART and DENIED IN PART.

| Movant(s) | Motion D.E. (No. 460 case) | Motion D.E. (No. 463 case) |
|---|---|---|
| The North Carolina Granite Corporation | 1683 | 1672 |

Due to the Special Master's determination regarding the particularized status of the settlement discussions involving this party, the motion seeking to excuse the in-person attendance of counsel and the party representative(s) is ALLOWED IN PART and DENIED IN PART. Counsel and a party representative are excused from in-person attendance, but shall be available by telephone during the entirety of the second settlement session on the day specified in ¶ 2 above.

SO ORDERED, this 17th day of September 2015.

James E. Gates
United States Magistrate Judge